865 F.2d 255
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Richard Eugene LANDRUM, Defendant-Appellant.
 No. 87-5150.
 United States Court of Appeals, Fourth Circuit.
 Argued: Oct. 7, 1988.
Decided: Nov. 28, 1988.
 
 Stephen Jon Cribari, Deputy Federal Defender (Fred Warren Bennett, Federal Public Defender, on brief), for appellant.
 Liam O'Grady, Assistant United States Attorney (Henry E. Hudson, United States Attorney, on brief), for appellee.
 Before HARRISON L. WINTER, Chief Judge, and JAMES DICKSON PHILLIPS and SPROUSE, Circuit Judges.
 PER CURIAM:
 
 
 1
 Richard Eugene Landrum was indicted on charges involving wiretapping, the making and possession of pipe bombs, and the placement of a pipe bomb in an automobile. When his trial began on May 21, 1987, the government moved to dismiss the count charging Landrum with placement of a pipe bomb in an automobile, and its motion was granted. Defense counsel then sought a continuance in order to consider evidence newly discovered by the government which related to the wiretapping charges.
 
 
 2
 Before hearing argument on the motion, the district court excused all witnesses from the courtroom, sent them to the witness room and admonished them not to speak about the case with anyone. Ultimately the continuance was granted, and on June 3, 1987 Landrum was tried for wiretapping and making and possessing pipe bombs.
 
 
 3
 It appears that an important government witness--a Virginia state probation officer who had also been a police officer and an investigator for the Attorney General's office--arrived at court on May 21 after the jury was admonished not to discuss the case. When he was sent to the witness room, he used an electronic communication system between the courtroom and the witness room to listen to the argument on the motion for a continuance. When he was called as a witness in June, his testimony was objected to on the ground that he had violated the sequestration order. Because the district court concluded that the witness had not heard the admonition not to discuss the case, the objection was overruled and the witness was permitted to testify. Landrum was convicted on all counts and he appeals. His sole assignment of error is that the witness should not have been allowed to testify.
 
 
 4
 We affirm.
 
 
 5
 We think that the district court's admonition to the witnesses was functionally a sequestration order. It is a general rule that when a sequestration order is violated, the district court has the discretion to prescribe the consequences, and its ruling will not be set aside except for a clear abuse of discretion. See United States v. Warren, 578 F.2d 1058 (5 Cir.1978) cert. denied 446 U.S. 956 (1980). The most important factor in determining whether there was an abuse of discretion is prejudice to the defendant resulting from violation of the sequestration order. See United States v. Lamp, 779 F.2d 1088, (5 Cir.1986), cert. denied, 476 U.S. 1144 (1987); United States v. Womack, 654 F.2d 1034 (5 Cir.1981), cert. denied, 454 U.S. 1156 (1982).
 
 
 6
 We think that the sequestration order in this case was violated and, notwithstanding the district court's finding, we find it difficult to believe that the witness, an experienced law enforcement officer, did not know that it was improper for him to audit the proceedings from which he had been excluded. However, the transcript of those proceedings has been made available to us, and from our reading of it, we perceive nothing that the witness heard that would have affected his testimony in the subsequent trial. Certainly Landrum can point to no specific prejudice. We therefore conclude that there was lacking any basis on which to exclude his testimony.
 
 
 7
 AFFIRMED.